51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony Bryant TILLMAN, Petitioner-Appellant,
v.
Robert BORG; State of California, Respondents-Appellees.
 No. 94-15784.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 15, 1995.
Decided April 4, 1995.
 
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Anthony Bryant Tillman appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction and sentence for several offenses ranging from kidnapping to car theft. The district court concluded that Tillman was not deprived of effective assistance of counsel, and denied him an evidentiary hearing to develop facts to prove his ineffective assistance of counsel claim. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 3
 The facts of this case are recounted fully in the district court's unpublished Findings and Recommendations, dated September 21, 1993. We provide herein only a brief summary of the relevant facts.
 
 
 4
 On October 30, 1986, a jury convicted Appellant Anthony Bryant Tillman on the following counts: Robberies of a Taco-Bell restaurant, a 7-11 store, and the Sacramento Six Theatre; kidnapping of a Sacramento Six Theatre employee; grand theft of an automobile; forgery; receipt of stolen property; false representation to a police officer; and possession of a firearm by an ex-felon.
 
 
 5
 The prosecution presented the following evidence to the jury: An eyewitness positively identified Tillman as the Taco-Bell and 7-11 robber; an eyewitness positively identified Tillman as the Sacramento Six Theatre robber and kidnapper; a witness testified that Tillman tried to purchase a car from him using a stolen check; and a search of Tillman's residence uncovered a .44 revolver, a California State Police badge that had been stolen, and the three bank bags stolen from the Sacramento Six Theatre on the night the theatre was robbed. Tillman's fingerprints were on the revolver, which was similar to the gun used by the Taco-Bell robber. The defense rested without presenting any evidence.
 
 
 6
 The district court sentenced Tillman to an aggregate term of 19 years, and to life imprisonment with the possibility of parole for the kidnapping count to be served consecutively. Tillman filed a direct appeal to the California Court of Appeal, which affirmed his convictions. Tillman also filed a writ of habeas corpus in the Sacramento County Superior Court. The superior court denied the petition. Tillman then filed a habeas corpus petition in the California Court of Appeal, which also denied the petition. On August 29, 1990, the California Supreme Court denied Tillman's habeas corpus petition.
 
 
 7
 On January 4, 1991, Tillman filed an amended petition for a writ of habeas corpus in the United States District Court for the Eastern District of California. Tillman claimed that he did not receive effective assistance of counsel, as required under the Sixth Amendment. Tillman contended that his trial attorney, a public defender: failed to present alibi evidence; precluded Tillman from testifying; conceded Tillman's guilt on several of the counts during the closing argument; failed to challenge a suggestive photographic lineup; failed to adequately cross-examine the prosecution's witnesses; failed to argue at sentencing that Tillman's sentence should be mitigated; and failed to move to sever the counts against Tillman.
 
 
 8
 Tillman also requested an evidentiary hearing to develop facts to support his ineffective assistance of counsel claim. The district court denied this request. On September 21, 1993, the court found that the conduct of Tillman's trial counsel neither fell below the wide range of professional competence nor rendered the trial unfair or unreliable. Accordingly, the court denied Tillman's petition for a writ of habeas corpus. Tillman now appeals.
 
 ANALYSIS
 
 9
 We review de novo the district court's denial of Tillman's petition for a writ of habeas corpus. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994). A claim of ineffective assistance of counsel also is reviewed de novo. Id. The decision to deny an evidentiary hearing is reviewed for abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).
 
 A. Ineffective Assistance of Counsel Claim
 
 10
 In Strickland v. Washington, 466 U.S. 668, 688-693 (1984), the Supreme Court established the two requirements that defendants must meet to prevail on a claim of ineffective assistance of counsel: (1) The defendant must show that counsel's performance fell outside the wide range of professional competence; and (2) the defendant must prove that his trial counsel's conduct was prejudicial to his case, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."
 
 
 11
 In defining the required showing under the first prong, the Court cautioned that a counsel's conduct does not constitute ineffectiveness if it may be construed as the result of a tactical decision:
 
 
 12
 A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight ... and to evaluate the conduct from counsel's perspective at the time ... Because of the difficulties inherent in making the evaluation, ... the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.
 
 
 13
 Id. at 689 (citations omitted).
 
 
 14
 With respect to the second prong of the Strickland analysis, the Supreme Court in Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993), held that a defendant must prove not only that the outcome would have been different but for his counsel's errors, but also that the entire trial was fundamentally unfair or unreliable because of his counsel's ineffectiveness. We hold that the district court correctly concluded that Tillman failed to satisfy both prongs of Strickland.
 
 1. Failure To Present Alibi Defense
 
 15
 Tillman claims that his trial attorney failed to present alibi witnesses to support his defense. The record shows that an investigator interviewed Tillman's mother and his other relatives. However, they could not confirm that Tillman was in the San Francisco Bay Area (as opposed to Sacramento) during the specific, nor even the approximate times the charged offenses were committed. Tillman's attorney determined that these witnesses would not provide Tillman with a viable alibi defense because the Bay Area is only two hours by car from Sacramento.
 
 
 16
 We affirm the district court's conclusion that Tillman's attorney's conduct did not fall outside the realm of professional competence. Moreover, because the testimony of the witnesses would not have been useful, Tillman's attorney's decision was not prejudicial to Tillman's defense.
 
 
 17
 2. Preclusion of Tillman from Testifying at Trial
 
 
 18
 Tillman asserts that he told his attorney that he wanted to testify at his trial, but that his attorney prevented him from doing so. Tillman's attorney avers that Tillman never requested to testify. The record indicates that Tillman's attorney advised Tillman of his right to testify. The district court correctly noted that the inquiry under an ineffectiveness of counsel claim, as opposed to a straight right-to-testify claim, is whether Tillman's attorney provided Tillman with adequate advice, not whether Tillman waived his right to testify.
 
 
 19
 We agree with the district court that Tillman's attorney has met this requirement. As discussed above, the record shows that Tillman's attorney advised Tillman of his right to testify. Moreover, even if Tillman's attorney did "prevent" Tillman from testifying, such a decision qualifies as a sound trial tactic to prevent the prosecution from revealing Tillman's prior felony conviction. Finally, Tillman has not described the testimony that he would have given, nor shown how his testimony would have affected the outcome of the trial.
 
 3. Concession of Guilt
 
 20
 Tillman argues that his attorney's concession of his guilt on several of the counts rendered his legal assistance ineffective per se. We disagree. As the district court noted, "in some cases a trial attorney may find it advantageous to his client's interests to concede certain elements of an offense or his guilt of one of several charges." United States v. Swanson, 943 F.2d 1070, 1075-76 (9th Cir.1991) (citations omitted).
 
 
 21
 The district court correctly concluded that Tillman failed to show how his attorney's decision to concede his guilt on several of the counts fell below the wide range of professional competence, or how a contrary decision would have altered the outcome of the trial. Tillman's attorney declared that the concessions were necessary in the face of overwhelming evidence of Tillman's guilt. The police found in Tillman's apartment the stolen money bags, a policeman's stolen badge, and a revolver with Tillman's fingerprints that resembled the one used in the Taco-Bell robbery. In addition, several witnesses identified Tillman as the culprit in the various incidents.
 
 
 22
 Tillman's attorney made a legitimate tactical decision to preserve his credibility with the jury so that he could defend Tillman's innocence on the kidnapping count, which carried a life imprisonment term. Moreover, Tillman has failed to show how his attorney's concessions prejudiced the jury. As noted above, substantial evidence already existed to implicate Tillman.
 
 
 23
 4. Failure to Adequately Challenge Suggestive Photo Lineup; Failure to Adequately Cross-Examine Witness's Initial I.D.
 
 
 24
 Tillman claims that his attorney failed to adequately challenge a suggestive photographic lineup. The prosecution asked David Neves, whose truck was stolen at the time of the Sacramento Six Theatre robbery, to identify the robber out of an array of four photographs. Three of the men did not have any facial hair; the fourth, Tillman, had facial hair. Neves identified Tillman as the robber.
 
 
 25
 The district court did not err in determining that any suggestiveness was inconsequential. Neves testified that he was forced from his truck by Tillman at gunpoint, which enabled him to get a "good look" at Tillman.
 
 
 26
 Tillman also argues that his attorney should have impeached Gerald Marshall, the eyewitness to the Taco-Bell and 7-11 robberies. Marshall identified Tillman as the robber at trial. However, Marshall previously had described the robber as "clean-shaven."
 
 
 27
 But contrary to Tillman's assertion, Tillman's attorney did elicit from Marshall that he originally had mis-identified another person as the robber. However, in that cross-examination, Marshall testified that he never "lost sight" of Tillman, that he clearly saw Tillman's face, and that there was "no doubt" in his mind that Tillman was the robber.
 
 
 28
 Given the circumstances under which the witnesses observed the robberies, we agree with the district court that Tillman's attorney's failure to challenge the photographic array or to impeach the witnesses did not prejudice Tillman's defense.
 
 
 29
 5. Failure to Argue Mitigation at the Sentencing Hearing
 
 
 30
 We agree with the district court that Tillman has not shown how his attorney's failure to present mitigating factors at his sentencing hearing was prejudicial. Tillman must show that there was a reasonable probability that the additional evidence would have changed his sentence. Strickland, 466 U.S. at 695; Mak v. Blodgett, 970 F.2d 614, 619-20 (9th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1363 (1993). Tillman has not presented any evidence of mitigating factors that could have altered his sentence. Accordingly, the district court correctly concluded that Tillman failed to satisfy Strickland's prejudice requirement.
 
 
 31
 6. Failure to Move to Sever the Joined Counts
 
 
 32
 Tillman claims that his attorney's failure to move to sever the joined counts against him prejudiced his defense. We disagree. The district court correctly noted that Tillman must prove both the incompetence of his counsel and the prejudice that allegedly resulted therefrom. Tillman has failed to show either.
 
 
 33
 Under California law, offenses committed at different times and places can be joined if there is a common element of substantial importance among them. People v. Bean, 46 Cal.3d 919, 935 (1988). Fed.R.Crim.P. 8(a) provides that offenses may be charged together if they are of the same or similar character, and Fed.R.Crim.P. 13 allows a court to order indictments to be tried together. Only if it appears that a defendant is prejudiced by a joinder of offenses may a court order separate trials of counts. Fed.R.Crim.P. 14.
 
 
 34
 Tillman has not shown how the joinder has prejudiced his defense. Instead, substantial factors weighed in favor of joinder: Tillman was the charged defendant in all of the counts, all the offenses occurred in very close proximity and within a short period of time to each other, common witnesses observed the crimes, and the robber in each incident employed a common modus operandi. Thus, it was not unreasonable for Tillman's attorney to agree to the joinder of the counts as there was no indication that doing so would prejudice Tillman's defense.
 
 
 35
 7. Cumulative Effect of Counsel's Alleged Mistakes
 
 
 36
 Finally, Tillman argues that assuming arguendo that his attorney's mistakes, if considered singly do not justify relief, the mistakes considered cumulatively deprived him of effective assistance. We reject this argument because, as the above discussion demonstrates, Tillman simply has failed to show that his attorney's performance fell outside the wide range of professional competence, or that his attorney's assistance prejudiced his defense. Even if Tillman's attorney had acted otherwise, substantial evidence existed to incriminate Tillman.
 
 B. Evidentiary Hearing
 
 37
 Tillman contends that he is entitled to an evidentiary hearing to establish that his attorney failed to investigate potential alibi witnesses and that his attorney prevented him from testifying at trial. Tillman argues that the district court abused its discretion in denying him an evidentiary hearing to develop these facts to prove his ineffective assistance of counsel claim. We disagree.
 
 
 38
 The decision to deny an evidentiary hearing on an ineffective assistance of counsel claim is reviewed for abuse of discretion. United States v. Blaylock, 20 F.3d 1458, 1464 (9th Cir.1994). In deciding whether Tillman was entitled to an evidentiary hearing, the district court was required to determine whether, accepting the truth of Tillman's factual allegations, Tillman could have prevailed on an ineffective assistance claim. Id. at 1465. Because we hold that Tillman's failure to show prejudice prevents him from prevailing on this claim as a matter of law, the district court did not abuse its discretion in denying an evidentiary hearing.
 
 CONCLUSION
 
 39
 For the foregoing reasons, the district court's order denying Tillman's petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3